**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

SUSAN HOPKINS,

Plaintiff,

v.

KILOLO KIJAKAZI,[1]
Acting Commissioner of Social Security,

Defendant.

Case No. 3:20-CV-00625-CLB

**ORDER DENYING MOTION TO REMAND AND GRANTING CROSS-MOTION TO AFFIRM**

[ECF Nos. 14, 15]

This case involves the judicial review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Susan Hopkins's ("Hopkins") application for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act. Currently pending before the Court is Hopkins's motion for reversal and/or remand. (ECF No. 14.) In this motion, Hopkins seeks the reversal of the administrative decision and remand for further proceedings. (*Id.*) The Commissioner filed a response, cross-motion to affirm, and notice of supplemental authority, (ECF Nos. 15, 16, 17), and Hopkins replied. (ECF No. 18.) Having reviewed the pleadings, transcripts, and the Administrative Record ("AR"), the Court concludes the Commissioner's finding that Hopkins could perform past relevant work was supported by substantial evidence. Therefore, the Court denies Hopkins's motion for remand, (ECF No. 14), and grants the Commissioner's cross-motion to affirm, (ECF No. 15).

I.      **STANDARDS OF REVIEW**

    A.      **Judicial Standard of Review**

This Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854

---

[1]      Kilolo Kijakazi is now the Acting Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

1
2
3
4
5
6
7

8
9
10
11
12
13
14
15
16
17
18

19
20
21
22
23
24
25
26
27
28

(9th Cir. 2002). Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action ... brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The court must affirm an Administrative Law Judge's ("ALJ") determination if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *see also* 42 U.S.C. § 405(g) ("findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (internal quotation marks and citation omitted). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)); *see also Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005).

To determine whether substantial evidence exists, the court must look at the administrative record as a whole, weighing both the evidence that supports and undermines the ALJ's decision. *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995) (citation omitted). Under the substantial evidence test, a court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "However, if evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Orteza,* 50 F.3d at 749 (citation omitted). The ALJ alone is responsible for determining credibility and for resolving ambiguities. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).

1      It is incumbent on the ALJ to make specific findings so that the court does not

2    speculate as to the basis of the findings when determining if substantial evidence supports

3    the Commissioner's decision. The ALJ's findings should be as comprehensive and

4    analytical as feasible and, where appropriate, should include a statement of subordinate

5    factual foundations on which the ultimate factual conclusions are based, so that a

6    reviewing court may know the basis for the decision. *See Gonzalez v. Sullivan*, 914 F.2d

7    1197, 1200 (9th Cir. 1990).

8              **B.      Standards Applicable to Disability Evaluation Process**

9      The individual seeking disability benefits bears the initial burden of proving

10   disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the

11   individual must demonstrate the "inability to engage in any substantial gainful activity by

12   reason of any medically determinable physical or mental impairment which can be

13   expected ... to last for a continuous period of not less than 12 months." 42 U.S.C. §

14   423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in

15   support of her claim for disability. *See* 20 C.F.R. § 404.1514. If the individual establishes

16   an inability to perform her prior work, then the burden shifts to the Commissioner to show

17   that the individual can perform other substantial gainful work that exists in the national

18   economy. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998).

19     The first step requires the ALJ to determine whether the individual is currently

20   engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(b), 416.920(b).

21   SGA is defined as work activity that is both substantial and gainful; it involves doing

22   significant physical or mental activities, usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-

23   (b), 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not

24   disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to

25   the second step.

26     The second step addresses whether the individual has a medically determinable

27   impairment that is severe or a combination of impairments that significantly limits her from

28   performing basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or

1  combination of impairments is not severe when medical and other evidence establish only
2  a slight abnormality or a combination of slight abnormalities that would have no more than
3  a minimal effect on the individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921; Social
4  Security Rulings ("SSRs") 85-28 and 96-3p. If the individual does not have a severe
5  medically determinable impairment or combination of impairments, then a finding of not
6  disabled is made. If the individual has a severe medically determinable impairment or
7  combination of impairments, then the analysis proceeds to the third step.

8       The third step requires the ALJ to determine whether the individual's impairment or
9  combination of impairments meets or medically equals the criteria of an impairment listed
10  in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525,
11  404.1526, 416.920(d), 416.925, 416.926. If the individual's impairment or combination of
12  impairments meets or equals the criteria of a listing and meets the duration requirement
13  (20 C.F.R. §§ 404.1509, 416.909), then a finding of disabled is made. 20 C.F.R. §§
14  404.1520(h), 416.920(h). If the individual's impairment or combination of impairments
15  does not meet or equal the criteria of a listing or meet the duration requirement, then the
16  analysis proceeds to the next step.

17       Prior to considering step four, the ALJ must first determine the individual's residual
18  functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is a function-
19  by-function assessment of the individual's ability to do physical and mental work-related
20  activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making
21  this finding, the ALJ must consider all of the symptoms, including pain, and the extent to
22  which the symptoms can reasonably be accepted as consistent with the objective medical
23  evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSRs 96-4p, 96-7p.
24  To the extent that objective medical evidence does not substantiate statements about the
25  intensity, persistence, or functionally-limiting effects of pain or other symptoms, the ALJ
26  must make a finding on the credibility of the individual's statements based on a
27  consideration of the entire case record. The ALJ must also consider opinion evidence in
28

1   accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927 and SSRs 96-
2   2p, 96-5p, 96-6p, and 06-3p.

3         After making the RFC determination, the ALJ must then turn to step four to
4   determine whether the individual has the RFC to perform her past relevant work. 20 C.F.R.
5   §§ 404.1520(f), 416.920(f). Past relevant work means work performed either as the
6   individual actually performed it or as it is generally performed in the national economy
7   within the last 15 years or 15 years prior to the date that disability must be established. In
8   addition, the work must have lasted long enough for the individual to learn the job and
9   performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. If the
10  individual has the RFC to perform her past work, then a finding of not disabled is made. If
11  the individual is unable to perform any PRW or does not have any PRW, then the analysis
12  proceeds to the fifth and final step.

13        The fifth step requires the ALJ to determine whether the individual is able to do any
14  other work considering her RFC, age, education, and work experience. 20 C.F.R. §§
15  404.1520(g), 416.920(g). If she is able to do other work, then a finding of not disabled is
16  made. Although the individual generally continues to bear the burden of proving disability
17  at this step, a limited evidentiary burden shifts to the Commissioner. The Commissioner is
18  responsible for providing evidence that demonstrates that other work exists in significant
19  numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc.*
20  *Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

21  **II.     CASE BACKGROUND**

22        **A.     Procedural History**

23        Hopkins applied for disability insurance benefits ("DIB") and supplemental security
24  income ("SSI") on October 18, 2016, with an alleged disability onset date of March 10,
25  2016. (AR 253-54, 255-60.) The application was denied initially, (AR 177-81), and upon
26  reconsideration. (AR 184-89). Hopkins subsequently requested an administrative hearing.
27  (AR 190-91.)

28

1    On November 15, 2019, Hopkins and her attorney representative appeared at a

2  hearing before an Administrative Law Judge ("ALJ"). (AR 38-61.) A vocational expert

3  ("VE") also appeared at the hearing. (*Id.*) The ALJ issued a written decision on December

4  12, 2019, finding that Hopkins was not disabled because she could perform past relevant

5  work. (AR 16-29.) Hopkins appealed, and the Appeals Council denied review on

6  September 3, 2020. (AR 1-7.) Accordingly, the ALJ's decision became the final decision

7  of the Commissioner. Having exhausted all administrative remedies, Hopkins filed a

8  complaint for judicial review on November 9, 2020. (ECF No. 1.)

9    **B.    ALJ's Decision**

10   In the written decision, the ALJ followed the five-step sequential evaluation process

11  set forth in 20 C.F.R. §§ 404.1520 and 416.920. (AR 16-29.) Ultimately, the ALJ disagreed

12  that Hopkins had been disabled from March 10, 2016, through the date of the decision.

13  (*Id.* at 29.) The ALJ held that, based on Hopkins's RFC, age, education, and work

14  experience, she could perform past relevant work as generally performed in the national

15  economy. (*Id.* at 28-29.)

16   In making this determination, the ALJ started at step one. Here, the ALJ found

17  Hopkins had not engaged in substantial gainful activity since the alleged onset date of

18  March 10, 2016. (*Id.* at 19.) At step two, the ALJ found Hopkins had the following severe

19  impairments: degenerative disc disease; dysfunction of a major joint—osteoarthrosis of

20  the right hip; obesity; and chronic kidney disease, stage three. (*Id.* at 19.) At step three,

21  the ALJ found Hopkins did not have an impairment or combination of impairments that

22  either met or medically equaled the severity of those impairments listed in 20 C.F.R. Part

23  404, Subpart P, Appx. 1; 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d),

24  416.925, and 416.926. (*Id.* at 22.)

25   Next, the ALJ determined Hopkins had an RFC to perform light work as defined by

26  20 C.F.R. §§ 404.1567(b) and 416.967(b) except she:

27      can stand and walk for six hours of an eight-hour workday, and sit for six of
       an eight-hour workday. She can never climb ladders or scaffolds, can
28      frequently balance, and can occasionally perform all other postural activities.

The claimant must avoid concentrated exposure to noise above the moderate level, moving mechanical parts, and unprotected heights. The claimant must avoid all exposure to fumes, odors, dusts, gases, and poor ventilation.

(*Id.* at 23.)

The ALJ found Hopkins's impairments could reasonably be expected to cause some of the symptoms alleged, but that her statements regarding the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. (*Id.* at 23-24.) In reaching this conclusion, the ALJ reviewed and discussed the objective medical evidence, medical opinions, and factors weighing against Hopkins's credibility. (*Id.* at 23-28.) The ALJ then determined that Hopkins could perform past relevant work as a waitress, daycare child-care tutor, and banquet server, which did not require the performance of work-related activities precluded by her RFC. (*Id.* at 28-29.) Accordingly, the ALJ held Hopkins had not been under a disability since March 10, 2016, through the date of the decision, and denied her claim. (*Id.* at 29.)

## III.    ISSUE

Hopkins seeks judicial review of the Commissioner's final decision denying her DIB and SSI under Titles II and XVI of the Social Security Act. (ECF No. 14.) Hopkins raises a narrow issue for this Court's review: whether the ALJ properly found Hopkins could perform past relevant work.

## IV.    DISCUSSION

At step four, the ALJ determined Hopkins could perform past relevant work as a waitress, daycare child-care tutor, and banquet server, which did not require the performance of work-related activities precluded by her RFC. (AR at 28-29.) While Hopkins argues the ALJ erred in his finding as to all three identified positions—daycare child-care tutor, banquet server, and waitress—the Commissioner focuses on the waitress position, conceding a lack of clarity as to whether Hopkins had sufficient earnings for the daycare provider or banquet server jobs, such that they could qualify as past relevant

1    work. (ECF No. 15 at 6-10.) In reply, Hopkins similarly focuses on the waitress position,

2    and asserts the issue is whether waitresses stand/walk more than six hours in an eight-

3    hour workday. (ECF No. 18 at 3.) Thus, the Court also focuses on the waitress position.

4    　　　　Hopkins argues that if light work requires standing and/or walking more than six

5    hours in an eight-hour workday, she cannot perform the job of waitress as actually or

6    generally performed. (ECF No. 14 at 11-13.) Hopkins argues that the DOT and

7    Commissioner regulations do not explicitly define "light work" with regard to how many

8    hours claimants can stand/walk and the only place that addresses these limitations, Social

9    Security Ruling ("SSR") 83-10, only "carries a suggestion of a six-hour ceiling on

10   standing/walking." (*Id.* at 12.) Hopkins instead relies on information from O*NET OnLine

11   to support her assertion that waitresses stand/walk more than six hours in an eight-hour

12   workday. (*Id.* at 13.)

13   　　　　The Commissioner responds that Hopkins waived her step four challenge by not

14   raising these issues at the ALJ hearing and alternatively, there is not an apparent or

15   obvious vocational conflict that the ALJ was required to resolve. (ECF No. 15 at 18-20).

16   　　　　At the hearing, the ALJ asked the VE to assume whether a hypothetical worker

17   "who would be able to perform the functions of light exertional work" with the additional

18   limitations of "a *maximum* of six hours of standing and walking in an eight-hour workday"

19   (among other limitations) would be able to perform any past relevant work. (AR 57

20   (emphasis added).) The VE answered that with these limitations, the waitress, daycare

21   provider, and banquet server positions would be appropriate. (*Id.*) Hopkins's counsel did

22   not ask any questions of the VE. (AR 57-60.)

23   　　　　First, the Court finds that second-guessing the VE's testimony at this point in the

24   appeal is not permitted given the lack of any such effort at the hearing. *See, e.g., Meanel*

25   *v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999) ("at least when claimants are represented

26   by counsel, they must raise all issues and evidence at their administrative hearings in

27   order to preserve them on appeal."). Nevertheless, the Court finds that the ALJ was not

28   required to resolve any supposed conflict between the VE's testimony and O*NET, as it is

1  a non-DOT source. *See Lusson v. Saul*, Case No. 2:20-cv-01215-DJA, 2021 WL 510618,

2  at *7 (D. Nev. Feb. 11, 2021) ("Plaintiff failed to cite any binding Ninth Circuit decision that

3  finds that a VE must rely on O*NET or that O*NET controls when it conflicts with the VE's

4  testimony"); *see also*, *Grether A. D. v. Saul*, No. CV 20-3356-E, 2021 WL 1664174 at *8

5  n.8 (C.D. Cal. Apr. 28, 2021) (holding that "the non-DOT sources [claimant] cites are not

6  conclusive regarding the standing requirements for the jobs the vocational expert

7  identified") (citing *Tommy D. J. v. Saul*, No. EDCV 20-1013-RAO, 2021 WL 780479, at *3

8  n.3, *5 (C.D. Cal. Mar. 1, 2021) (citations and quotations omitted) (holding "the ALJ is not

9  required to reconcile conflicts between the VE's testimony and non-DOT sources, such as

10  O*Net OnLine")).

11  Further, Hopkins's argument that SSR 83-10 only carries a suggestion of a six-hour

12  ceiling on standing/walking, does not carry the force of law, and is interpretative in nature

13  is unavailing. While it is true that SSRs do not have the force of law, they "constitute Social

14  Security Administration interpretations of the statute it administers and of its own

15  regulations," and are given deference "unless they are plainly erroneous or inconsistent

16  with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989). The SSA

17  has determined that "light work" requires "standing or walking, off and on, for a total of

18  approximately 6 hours in an 8-hour workday." SSR 83-10, 1983 WL 31251, at *6 (Jan. 1,

19  1983). The Ninth Circuit has relied on SSR 83-10 in determining the sitting, walking, and

20  standing requirements of light work. *See Macri v. Chater*, 93 F.3d 540, 546 (9th Cir. 1996).

21  Here, the testifying VE had significant experience in the vocational rehabilitation

22  field. (AR 356.) Hopkins's counsel did not object to the VE's qualifications or otherwise

23  challenge her testimony at the hearing, let alone ask a single question of the VE. (AR 57-

24  60.) There is no reason to think that the VE was unfamiliar with SSR 83-10 and the SSA's

25  longstanding interpretation of "light work." Further, the ALJ's hypothetical specifically

26  posited whether a hypothetical worker with a limitation of a *maximum* of six hours of

27  standing and walking could perform any past relevant work. The ALJ was entitled to rely

28  on the VE's testimony and properly did so in finding that Hopkins could perform past

1 | relevant work, including the waitress job. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th

2 | Cir. 2005) ("A VE's recognized expertise provides the necessary foundation for his or her

3 | testimony. Thus, no additional foundation is required."); *see also*, *Ford v. Saul*, 950 F.3d

4 | 1141, 1159 (9th Cir. 2020) (holding that an ALJ's reliance on qualified, cogent, and

5 | uncontradicted expert testimony generally constitutes substantial evidence in support of

6 | the ALJ's finding). Accordingly, for the reasons discussed above, the Court finds and

7 | concludes that the ALJ's step four finding is supported by substantial evidence and free

8 | from reversible legal error.

9 |       Because the Court finds that the ALJ's step four finding as to the waitress job was

10 | supported by substantial evidence, any error as to the daycare provider or banquet server

11 | jobs is harmless, as it was inconsequential to the ultimate non-disability determination.

12 | *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) ("the court will not reverse

13 | an ALJ's decision for harmless error, which exists when it is clear from the record that "the

14 | ALJ's error was inconsequential to the ultimate nondisability determination'") (internal

15 | citation omitted); *Hernandez v. Berryhill*, 707 Fed.Appx. 456, 458–59 (9th Cir. 2017)

16 | (unpublished) (even if the ALJ erred regarding two of the three jobs relied upon at step

17 | five, "any such error was harmless" because there was no error as to the one remaining

18 | job).

19 | **V.**    **CONCLUSION**

20 |       Accordingly, **IT IS THEREFORE ORDERED** that Hopkins's motion to remand (ECF

21 | No. 14) is **DENIED**, and the Commissioner's cross-motion to affirm (ECF No. 15) is

22 | **GRANTED**.

23 |       **IT IS FURTHER ORDERED** that the Clerk of Court **ENTER JUDGMENT** and

24 | **CLOSE THIS CASE**.

25 |       **DATED**:  July 26, 2021

26

27 |                  **UNITED STATES MAGISTRATE JUDGE**

28